## DECLARATION OF CHRISTOPHER S. TRAGASZ

I, Christopher S. Tragasz, state as follows:

1.     I am Senior Consultant in the Litigation Solutions Group at Project Leadership Associates. I have over 10 years of technology-based experience working for both private and public-sector institutions with an extensive focus in digital forensics. I routinely advise attorneys, corporate executives, and IT managers on forensically-sound data collection methods, digital forensic analysis, and e-discovery best practices. I have also provided technical guidance and forensic analysis for local, state, and federal agencies. I am a Certified E-Discovery Specialist (CEDS), Certified Forensic Computer Examiner (CFCE), and Certified Electronic Evidence Collection Specialist (CEECS). I am making this declaration in support of the response by New Mexico Oncology and Hematology Consultants, Inc. (NMOHC) opposing the defendants' motion to stay initial disclosures and discovery.

2.     I do not know the email system that defendants utilize, or whether defendants have or enforce a data retention policy. I can state generally that, with most email systems utilized by large commercial entities, a delay in obtaining discovery will greatly increase the likelihood that emails and the corresponding metadata will be deleted, over-written, or otherwise lost. Custodians through the course of routine use will likely delete messages from their email clients. In addition, many commercial email systems automatically purge copies of deleted messages from the email server within a certain time frame, often 30 days. While some deleted e-mails may be recoverable, the costs of recovering such files can become significant. Even with document retention policies, the risk of records being permanently lost remains.

3.     I do not know what type of database systems are utilized by defendants and other health plans in New Mexico to catalog claims data, or whether those entities have or enforce a

1

data retention policy. I am familiar with the use of databases to store, process, use, and search categories of information. Based on my experience, many companies routinely upgrade and/or replace their database systems as improvements and alternatives become available. Where, as here, a party may need to obtain electronic database information as far back as January 1, 2005, or earlier, an open-ended delay preventing access to database information may result in data being lost, including if the database is replaced, destroyed, or archived.

4. With respect to similar types of information that may need to be obtained from different parties using different database systems, it is important that NMOHC begin the process of obtaining such data as soon as possible because it is likely that technical and compatibility issues between systems will arise which may take time to resolve. Compatibility issues can substantially delay the receiving party's ability to consolidate the data in a useful way. A stay of all discovery will further compound the delays already inherent in obtaining database information from multiple sources operating multiple and varied systems.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this __28__ day of May, 2013

_____
Christopher S. Tragasz