IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NEW MEXICO ONCOLOGY &
HEMATOLOGY CONSULTANTS, LTD.,

    Plaintiff,

v.                                                                                          Civ. No. 12-526 MV/GBW

PRESBYTERIAN HEALTHCARE SERVICES and
PRESBYTERIAN NETWORK, INC.,

    Defendants.

## ORDER STAYING DISCOVERY

This matter is before the Court on Defendants' Motion to Stay Initial Disclosures and Discovery (*doc. 34*). The Court granted the motion at the hearing held on July 10, 2013. *See doc. 43*. This order memorializes that ruling.

On May 9, 2013, Defendants filed the instant motion to stay discovery pending the Court's ruling on their motion to dismiss (*doc. 33*). They argue that, because this case involves complex antitrust and RICO claims relating to the conduct of multiple organizations over a 30 year time period, the discovery in this case will be costly and burdensome, and should be avoided if possible. *Doc. 34*. Plaintiff contends that Defendants have not met their burden of demonstrating that a stay is appropriate and that important information will be lost if discovery is delayed. *Doc. 36*.

"It is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort

for itself, for counsel, and for litigants." *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) (citations and quotations omitted).  The factors this Court should consider include whether Defendants will suffer harm without a stay, whether a stay would prejudice Plaintiffs, and the public interest in granting the stay "including judicial economy and the risk that the litigants' time and resources will be wasted with duplicative litigation." *See Cross Media Works, Inc. v. Reid*, No. CIV-10-401-D, 2010 WL 4811758 at *3 (W.D. Okla. Nov. 19, 2010) (citing *Pet Milk Co.*, 323 F.2d at 588).

     A stay is appropriate here because this case will likely involve substantial and expensive discovery, which dismissal would render moot.  Plaintiff's primary concern is that information may be lost if discovery is stayed.  *Doc. 36* at 4-7; *Doc. 43*.  As discussed at the hearing, that concern is allayed by the litigation hold Defendants' have placed over their own documents.  *Doc. 43*.  As for information held by third parties, the Court will allow Plaintiff to subpoena such materials during the stay and will issue an order to accompany the subpoenas giving the third party the option to produce the materials sought immediately or retain the information for potential future discovery.  Plaintiff's arguments regarding data corruption and obsolescence are unavailing.  *See doc. 36 at 5; doc. 43*.  All electronic data is subject to corruption, and the technology used to access such data is unlikely to become obsolete in the relatively short period likely to precede the Court's ruling on Defendants' motion to dismiss.  Finally, because Plaintiff has not yet propounded discovery requests, Defendants cannot be expected to describe

2

the burdens imposed by those requests with any specificity. In sum, the likely cost and burden of discovery in this case outweighs the relatively minor prejudice potentially suffered by Plaintiff due to the stay.

For these reasons, Defendants' Motion to Stay Initial Disclosures and Discovery (*doc. 34*) is GRANTED.  Discovery in this case is hereby STAYED pending the Court's ruling on Defendants' Motion to Dismiss (*doc. 33*), with the following exception: Plaintiff may subpoena relevant information from third parties during the stay. Plaintiff shall draft a proposed order to accompany the subpoenas that advises third parties that they may either immediately disclose the requested information or retain the information for future discovery.  The third party should be advised that should they choose to delay disclosure, that party is responsible for any additional costs incurred due to the delay in production.  Plaintiff shall seek Defendants' approval of the proposed order.  If the parties cannot agree on the language, Defendants may submit their own proposed order.  The proposed order(s) must be filed no later than **July 29, 2013**.  No third-party discovery requests shall be propounded until the Court has issued this order.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE