IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NEW MEXICO ONCOLOGY AND
HEMATOLOGY CONSULTANTS, LTD.,

    Plaintiff,

v.                                                                        Case No. 12cv526 MV/GBW

PRESBYTERIAN HEALTHCARE SERVICES, *et al.*,

    Defendants.

## ORDER GRANTING MOTION AND SETTING HEARING

This matter comes before the Court on Plaintiff's Motion to Compel (*doc. 226*), Plaintiff's Motion for Leave to File Excess Pages (*doc. 227*), Defendants' Motion for Addendum to Stipulated Protective Order (*doc. 229*), and Defendants' Motion to Compel (*doc. 230*).

As an initial matter, the Court will address Plaintiff's Motion for Leave to File Excess Pages (*doc. 227*). Plaintiff seeks permission to exceed the page limitation for exhibits set out in the local rules in connection with its Motion to Compel (*doc. 226*). *Doc. 227* at 2. Plaintiff avers that it is required to file the contested discovery responses which cannot be done within the given limitations. *Id*. Plaintiff claims that it "sought consent from opposing counsel to file exhibits in excess of 50 pages. Defendants refused to provide their consent." *Id*. Plaintiff comments that "Defendants' refusal to agree on as minor an issue as the number of exhibits to a discovery motion

demonstrates their strategy of making every issue in this case as contentious as possible." *Id*.

In response, Defendants state that they, as has been their practice in this litigation, "do[] not object to NMOHC filing exhibits in excess of fifty pages in connection with NMOHC's Motion to Compel (ECF No. 226)." *Doc. 238* at 1. Defendants argue that their opposition was a direct result of Plaintiff's failure to adequately meet-and-confer regarding the Motion to Compel. *Id*. at 1-3. In fact, the only proof provided by Plaintiff of the required meet-and-confer (and subsequent opposition by Defendants) supports this position. *See doc. 227*, Ex. A. It appears that Plaintiff abruptly declared the meet-and-confer at an end upon receipt of an email from Defendants' counsel seeking only a response to a letter seeking clarification of the underlying issue. *Id*. Based on the communication before the Court, Plaintiff fell far short of their obligation to properly meet-and-confer. Given Defendants' lack of objection, the Court hereby GRANTS Plaintiff's Motion for Leave to File Excess Pages (*doc. 227*). However, at the hearing scheduled herein, counsel should be prepared to discuss if and what sanctions are appropriate for this violation.

With respect to the remaining motions, the Court finds that it is appropriate to hold a hearing.

Wherefore, IT IS HEREBY ORDERED that counsel for all involved parties shall appear for a hearing on these matters (*docs. 226, 229, 230*) which will be conducted by

telephone on **January 26, 2016, at 10:00 a.m.**  Parties shall call Judge Wormuth's "Meet Me" line[1] at **(505) 348-2351** to be connected to the proceedings.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court's teleconference line has a limited number of external connections.  Therefore, by default, each side may use a maximum of two telephone lines from which to call in.  If unanimous, the parties may agree to a different division.  If a side wishes to have more people participate than they have available connections, they may have persons share one telephone via a speakerphone or set up a separate teleconference that they then connect to the Court's line.