IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NEW MEXICO ONCOLOGY AND
HEMATOLOGY CONSULTANTS, LTD.,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　　Civ. No. 12-526 MV/GBW

PRESBYTERIAN HEALTHCARE SERVICES, *et al.*,

    Defendants.

## ORDER GRANTING IN PART MOTION FOR EXPENSES

This matter comes before the Court on Non-Party Radiology Associates of Albuquerque, P.A.'s Motion for Expenses Incurred While Responding to Subpoena from Plaintiff (*doc. 307*). The Court has reviewed the subsequent briefing (*doc. 331*) and held a hearing (*doc. 395*). Being fully advised, the Court will grant the motion in part.

Radiology Associates of Albuquerque, P.A. (hereinafter "RAA") was served by Plaintiff with a subpoena to provide documents. *Doc. 307* at 1. The subpoena made twenty-four numbered requests for records within which are twenty-eight additional numbered sub-categories. *See id.*, Ex. A. After several meet-and-confers, RAA produced nine pages of discovery. RAA now seeks its expenses related to the subpoena.

Under Fed. R. Civ. P. 45(d)(2)(B)(ii), a non-party is entitled to reimbursement for "significant expense resulting from compliance" with a subpoena. Thus, the court must first determine what expenses resulted from compliance, and then whether those

expenses are significant. *See Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184-85 (9th Cir. 2013); *Linder v. Calero-Portocarrero*, 251 F.3d 178, 182 (D.C. Cir. 2001). If the expenses are significant, the court must protect the non-party by requiring the party seeking discovery to bear at least enough of the expense to render the remainder "non-significant." *Id*. What constitutes a "significant" expense is a matter within the discretion of the Court given the facts of a particular case. Some courts have considered the following factors: (1) whether the non-party has an interest in the outcome of the underlying litigation; (2) whether the non-party can more readily bear its costs than the requesting party; and (3) whether the underlying litigation is of public importance. *See Crandall v. City and County of Denver*, 2007 WL 162743 (D. Colo. Jan. 17, 2007); *Linder*, 251 F.3d at 182 (noting factors considered by district court but not adopting them).

Here, the parties dispute which expenses resulted from compliance. RAA seeks reimbursement for all of its costs, including attorney fees spent drafting a motion to quash (which was never filed). *See generally doc. 307*. Plaintiff argues that "[r]eimbursable costs do not include attorney's fees incurred with respect to objections to the subpoena." *Doc. 331* at 5. To the extent that Plaintiff contends that attorney fees necessarily incurred as a result of the compliance are not reimbursable, the Court rejects that position. Attorney document review, meet-and-confers with counsel for requesting party, and client consultation are often the most significant burdens of subpoena compliance. In fact, Rule 45 explicitly recognizes both "lost earnings and reasonable attorney's fees" as expenses to be considered. Fed. R. Civ. P. 45(d)(1). Therefore, this

Court concludes that reasonable attorney's fees are reimbursable under Rule 45. *See Voice v. Stormans Inc.*, 757 F.3d 1015, 1016 (9th Cir. 2014); *Mattel, Inc. v. Walking Mountain Productions*, 353 F.3d 792, 814 (9th Cir. 2003).

Of course, reasonable attorney's fees do not include all attorney's fees. After hearing from counsel at the hearing, the Court concludes that the cost of drafting the motion to quash was not a reasonable expense. Most problematically, the motion was drafted before conducting a meaningful meet-and-confer. While the draft motion may have served to outline the nature of the dispute and thus framed the discussion at the subsequent meet-and-confer, the upfront expense did not justify the minor benefit. A draft motion is a significantly greater undertaking than an informal letter outlining a discovery dispute. As such, the Court will not consider the cost of drafting the motion ($3,780) when weighing the expenses "resulting from compliance."

The Court finds that the remaining expenses outlined by RAA are reasonable and resulted from compliance with the subpoena. Plaintiff implicitly complains that these expenses are unreasonable given the production of only nine pages.[1] However, given the extent and numbers of requests, the Court is persuaded that a significant and time-consuming search was required. Therefore, the expenses "resulting from compliance" are calculated as follows: $2,152.00 + $2,880.00 + $1,532.50 + $1,704.50 + $89.10 + 473.04 + 634.74 (G.R.T.) = $9,465.88.

---

[1] At the hearing, Plaintiff also argued that RAA should have provided more detailed billing records to support their claim for expenses. *See doc. 395* at 3-4. Plaintiff waived this argument by failing to raise it in its Response. *See doc. 331*.

The Court has no trouble concluding that the full expense is significant. *See e.g.,* *Williams v. City of Dallas*, 178 F.R.D. 103, 113 (N.D. Tex. 1998) ($9,000 estimate sufficiently significant to shift costs) (cited with approval in *Linder*, 251 F.3d at 182). Thus, it must now determine what amount of reimbursement is needed to render the remainder non-significant. As discussed above, courts have considered various factors when deciding this question. In the instant case, the Court concludes that the most important factor is whether RAA can more readily bear the costs than the requesting party. This factor takes into account how "significant" the expense is to the non-party and to Plaintiff. Upon review, the Court is not persuaded that either is significantly more able to bear the expense. As Plaintiff noted, "RAA is a sizeable organization with approximately 29 physicians on staff [and] is a large provider in imaging services and interventional radiology services in the Albuquerque market." *Doc. 331* at 4-5. For its part, Plaintiff is no minnow. Splitting the reasonable expenses will render the costs to RAA relatively insignificant. Thus, the Court will require Plaintiff to reimburse RAA for half of the costs of compliance as calculated above.

WHEREFORE, Non-Party Radiology Associates of Albuquerque, P.A.'s Motion for Expenses Incurred While Responding to Subpoena from Plaintiff (*doc. 307*) is **GRANTED IN PART**. Plaintiff shall reimburse RAA in the amount of $4,732.94. This amount is due and payable immediately.

**IT IS SO ORDERED**.

                                                    GREGORY B. WORMUTH
                                                    UNITED STATES MAGISTRATE JUDGE