IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NEW MEXICO ONCOLOGY AND
HEMATOLOGY CONSULTANTS, LTD.,

    Plaintiff,

v.                                                                        Case No. 12-cv-526 MV/GBW

PRESBYTERIAN HEALTHCARE SERVICES, *et al.*,

    Defendants.

## ORDER ADOPTING IN PART SPECIAL MASTER'S SECOND REPORT & RECOMMENDATIONS

This matter comes before the Court upon Plaintiff's Motion to Adopt the Special Master's Second Report and Recommendation (*doc. 622*) and Defendants' Motion to Modify the Special Master's Second Report and Recommendation (*doc. 621*). On December 29, 2016, Plaintiff filed a Motion to Compel and Objection to Presbyterian Clawback (*doc. 575*). In its Motion, Plaintiff requests that the Court compel Defendants to produce all unredacted iterations of an email sent to Presbyterian President and CEO Jim Hinton on April 12, 2013 (hereinafter, the "Hinton Email"). *Doc. 575* at 1, 9. On November 16, 2016, in anticipation of the filing of Plaintiff's motion, the Court appointed Special Master Alan C. Torgerson to address the motion. *Doc. 551*.

On February 27, 2017, the Special Master filed his Second Report and Recommendation. *Doc. 609*. The Court has reviewed it and has considered the Special Master's recommendations that the Court: (1) find that the Hinton email was not

produced as a result of "inadvertence;" (2) deny Defendants' request to clawback the Hinton Email; (3) order that all iterations of the Hinton Email be produced in un-redacted form; (4) order Defendants to pay Plaintiff for its reasonable costs and fees for having to file the motion; and (5) order Defendants to pay the Special Master's fee in connection with the Second Special Master Report. *See id.* at 17.

In its Motion, Plaintiff asks the Court to adopt each of the Special Master's recommendations. *See generally doc. 622*. For their part, Defendants object solely to the Special Master's recommendation that Defendants pay Plaintiff's reasonable costs and fees associated with its motion. *Doc. 621* at 1-2. Defendants object to this recommendation by the Special Master arguing that (1) the Special Master was not authorized to recommend an award of costs and fees and (2) Defendants' clawback request was substantially justified and therefore costs should not be awarded. For the following reasons, the Court adopts the Special Master's Second Report and Recommendation in part.

**A. The Special Master was authorized to recommend an award of costs and fees associated with the motion.**

On August 11, 2016, the Court issued its initial order appointing Special Master Torgerson to review Defendants' privilege designations. *Doc. 470*. Defendants argue that the Court's statement that "[t]he Special Master's recommendation on costs is limited to responsibility for payment of the Special Master's costs" withholds authority to recommend an award of costs and fees associated with Plaintiff's motion. *Doc. 621* at

2

4. However, on November 16, 2016, the Court issued a Supplemental Order Appointing Special Master, which expanded the scope of the Special Master's assignment to include Plaintiff's Motion to Compel on the clawback issue. *Doc. 551*. Notably, this supplemental order did not contain a similar restriction on the Special Master's consideration of costs. *See generally id.* The question of whether the Special Master could consider an award of costs associated with Plaintiff's motion is thus not expressly resolved in the orders appointing the Special Master. However, the Court did state in its supplemental order that it "hereby expands the Scope of Work . . . to also include consideration of [Plaintiff's] Motion [to Compel]." *Doc. 551* at 2.

Motions to compel are brought pursuant to Rule 37 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 37(a). That rule specifically requires that the "losing" party must be required to pay the reasonable expenses incurred in making or opposing the motion unless (i) the prevailing party failed to make a good faith effort to obtain the disclosure without court action; (ii) the "losing" party's grounds were "substantially justified" or (iii) the "circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5).[1] Consequently, consideration of a motion to compel necessarily includes ruling on the matter of costs. This truism is particularly apt here where the motion referred to the Special Master for his consideration included a Plaintiff's request for an

---

[1] Of course, the party must be given an opportunity to be heard as well. This requirement is met where, as here, the opposing party seeks sanctions in its briefing and the sanctioned party has an opportunity to respond thereafter. *See, e.g., McCoo v. Denny's Inc.*, 192 F.R.D. 675, 697 (D. Kan. 2000).

"award [of] reasonable costs and fees … for having to file this Motion." *Doc. 575* at 17. Therefore, referral of the motion to compel to the Special Master included the authority to make a recommendation regarding awarding costs and fees associated with filing the motion.[2]

### B. Review of Special Master's Recommendation

With respect to the sole contested issue, the Special Master recommended "that NMOHC be awarded reasonable costs and fees for having to file this Motion…." *Doc. 609* at 17. As with all factual findings and legal conclusions of a special master, this recommendation is reviewed *de novo*.[3] Fed. R. Civ. P. 53(f). Because the Special Master did not expressly state the basis for this recommendation, the Court will assume that he was applying the standards of Rule 37. As noted above, expenses associated with a motion to compel are not assessed to the "losing" party if their arguments against disclosure were "substantially justified." Fed. R. Civ. P. 37(a)(5). While the Special Master never explicitly found that Defendants' arguments were not "substantially justified," such a finding is implied in his final recommendation. The Court disagrees.

---

[2] The Court is untroubled by the apparent conflict between this result and the language in the original order of appointment. The matters referred to the Special Master in the original order were not brought in the form of a motion. Therefore, in that original order, limiting any costs recommendation to responsibility for payment of the Special Master's costs did not exclude any authority from the Special Master that he otherwise would have possessed.

[3] Factual findings can be reviewed under a clear error standard if so stipulated by the parties and approved by the Court. Fed. R. Civ. P. 53(f)(3). Neither prerequisite is present here.

According to the Special Master, the matter at issue in his Second Report and Recommendation boiled down to two arguments: (1) did Defendants waive any privilege by allowing Plaintiff's attorney to use the email during the Hinton deposition, and (2) if not, was the email subject to clawback? On the first of the questions (addressed second by the Special Master), the Special Master agreed with Defendants. *See doc. 609* at 12-17. On the second question, Defendants were not so fortunate. In ruling against Defendants, the Special Master rejected two related arguments.

First, the Special Master ruled that Defendants' right to clawback was governed by Fed. R. Evid. 502(b). *Id*. at 5-9. This ruling rejected Defendants' argument that their right to clawback was governed by the parties' stipulated protective order. This distinction was important because, under Rule 502(b), a clawback is only permitted for "inadvertent" disclosures where the party also satisfies certain pre- and post- disclosure duties. Under the protective order, clawback was permitted for disclosures through "inadvertence, mistake or other error…." *Doc. 93*, ¶25. Because the Special Master found that Defendants' disclosure of the email was not "inadvertent," he held that clawback under Rule 502(b) was not permitted. Next, the Special Master opined that, even if the protective order standard applied, the email was not produced as a result "inadvertence, mistake or other error." *See doc. 609* at 9-12.

While the Court herein adopts these conclusions, it finds Defendants' contrary arguments were substantially justified. The Court finds that they were justified to argue that the protective order applied and gave broader clawback protection than

5

provided for in Rule 502(b), and that the Hinton email disclosure was a "mistake"[4] and subject to clawback under the protective order. Therefore, expenses for the underlying motion to compel will not be assessed to them.

**WHEREFORE IT IS HEREBY ORDERED** that the Plaintiff's Motion to Adopt the Special Master's Second Report and Recommendation (*doc. 622*) is GRANTED IN PART and Defendants' Motion to Modify the Special Master's Second Report and Recommendation (*doc. 621*) is GRANTED. The Second Special Master Report (*doc. 609*) is ADOPTED IN PART by the Court. Plaintiff's Motion to Compel (*doc. 575*) is GRANTED with the exception of the request for fees and costs which is DENIED. Defendants' request to clawback the Hinton Email is DENIED. Defendants shall produce all iterations of the Hinton Email in its un-redacted form. Pursuant to Rule 53(g), the Special Master fee with regards to this motion shall be paid by Defendants, as recommended by the Special Master. *See doc. 609* at 17.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

---

[4] "An action or decision that is wrong or produces a result that is not correct <u>or</u> not intended." *Mistake*, Cambridge Academic Content Dictionary (Cambridge University Press 2017) (emphasis added). The special master's conclusion was based on his determination that Defendants' disclosure was intentional. However, as noted by the emphasis in this definition, under some understandings of the word, lack of intent is not necessary for an action to qualify as a "mistake."