IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NEW MEXICO ONCOLOGY AND HEMATOLOGY
CONSULTANTS, LTD.,

       Plaintiff,

v.                                                         Civ. No. 12-526 MV/GBW

PRESBYTERIAN HEALTHCARE SERVICES, *et al.*,

       Defendants.

## ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before the Court on Plaintiff's objections (*doc. 756*) to the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD") (*doc. 745*) on Plaintiff's Motion for Sanctions (*doc. 673*) and accompanying briefing (*docs. 770, 791, 807*). Being fully advised, the Court overrules Plaintiff's objections, denies Plaintiff's request to consider newly discovered evidence, and adopts the PFRD.

Plaintiff's Motion for Sanctions (*doc. 673*) was addressed by the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). Under that provision, the Court's standard of review of a magistrate judge's PFRD is *de novo*. *See* 28 U.S.C. § 636(b)(1)(C). When resolving objections to a magistrate judge's PFRD, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected

to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Here, the Court finds that all of Plaintiff's objections to the Magistrate Judge's PFRD (*doc. 756*) merely attempt to relitigate factual issues already thoroughly presented to and considered by the Magistrate Judge. The Magistrate Judge, in making his determination, presided over myriad discovery disputes, reviewed extensive briefing on Plaintiff's motion, and presided over a full-day evidentiary hearing, as well as a second hearing to allow oral argument on the evidence presented, before finding that Defendants' actions, though negligent, do not support the severe sanctions requested by Plaintiff. *Doc. 745*. Rather, the Magistrate Judge found that the circumstances merit a lesser sanction. Specifically, he found that Defendants must pay Plaintiff 75% of the costs associated with its Motion for Sanctions. *Id*. at 34. Having conducted a *de novo* review of the briefing and the testimony at both hearings (*docs. 735, 747*), the Court agrees with the Magistrate Judge's finding that Plaintiff failed to show by a preponderance of the evidence that Defendants acted with intent to deprive Plaintiff of the information at issue, as required to order either a default judgment or an adverse jury instruction as a sanction. Fed. R. Civ. P. 37(e)(2). Accordingly, the Court hereby adopts the PFRD as its own.

In reaching this conclusion, the Court notes that in Plaintiff's Reply, Plaintiff asks

the Court to also consider "newly discovered" evidence in rendering its decision, pursuant to Fed. R. Civ. P. 60(b)(2). *Doc. 791*. However, the Court will not and has not considered this additional evidence in rendering its decision. Rather, it finds that such evidence is not "newly discovered." *See ClearOne Comm'ns, Inc. v. Bowers*, 643 F.3d 735, 757-58 (10th Cir. 2011) (explaining that for evidence to be "new," it must not have been available to the movant prior to the hearing). Plaintiff admits that Defendants released the pertinent evidence to Plaintiff as early as June 22, 2017, and that Plaintiff reviewed the material between July 9 and July 24, 2017, well before the hearing in this matter on August 8, 2017. *Doc. 791*, Ex. 1. Although Plaintiff contends that this information was not fairly accessible to it by the time of the hearing, due to the complex nature of review, Plaintiff did not move the Court to delay the briefing or to reschedule the evidentiary hearing. Therefore, the Court finds that these documents do not constitute newly discovered material vindicating supplemental review.

Additionally, even if the Court were to consider Plaintiff's supplemental evidence, such consideration would not produce a different result. Rather, the Court would not waver in its determination that the Defendants did not commit *intentional* spoliation. That determination forecloses the severe sanctions sought by Plaintiff. The Court recognizes that Defendants committed many errors throughout the discovery process. However, the Court does not agree with Plaintiff's contention that Defendants' failure to produce these documents to Plaintiff prior to June 22, 2017 proves that

3

Defendants engaged in willful or bad faith actions warranting the imposition of the severe sanctions requested by Plaintiff. Instead, the Court affirms the Magistrate Judge's finding that Defendants' negligence does not meet the level of intentionality necessary to justify sanctions in the form of default judgment or an adverse jury instruction.

Therefore it is ORDERED, that:

(1) Plaintiff's objections (*doc. 756*) are OVERRULED;

(2) Plaintiff's request for consideration of newly discovered evidence *(doc. 791)* is DENIED; and

(3) The Magistrate Judge's Proposed Findings and Recommended Disposition (*doc. 745*) is ADOPTED.

**IT IS SO ORDERED.**

_____
MARTHA VÁZQUEZ
United States District Judge