# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

NEW MEXICO ONCOLOGY AND HEMATOLOGY
CONSULTANTS, LTD.,

      Plaintiff,

v.                                                            Civ. No. 12-526 MV/GBW

PRESBYTERIAN HEALTHCARE SERVICES, *et al.*,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court pursuant to the Court's order that Defendants pay Plaintiff reasonable expenses incurred in connection with Defendants' privilege over-designation (*doc. 745*), Plaintiff's Fee Affidavit seeking $332,243.17 in costs (*doc. 753*), and Defendants' Objection to Plaintiff's Fee Affidavit (*doc. 768*). For the following reasons, the Court awards Plaintiff **$179,840.**

## I. PROCEDURAL HISTORY

The procedural history in this case is extensive, and the Court only recites those facts relevant to the instant issue here. On January 22, 2016, Defendants produced privilege and redaction logs to Plaintiff, which identified 4,143 documents that were either withheld or produced with redactions. *Doc. 768* at 4. On March 15, 2016, Plaintiff objected to 2,831 of these designations. *Doc. 753* at 3; *doc. 768* at 4.

Defendants responded to Plaintiff's objections on April 1, 2016 and agreed to re-

1

review the disputed documents on April 8, 2016. *Doc. 768* at 4. Plaintiff then began to prepare a Motion to Compel on April 11, 2016. *Doc. 753*-1 at 29-33. On April 18, 2016, Defendants produced an additional 1,959 documents. *Doc. 768* at 4; *doc. 753* at 5. Plaintiff again reviewed Defendants' logs and on April 25, 2016 objected to the remaining 1,312 documents that had not initially been challenged and requested a Special Master *in camera* review. *Doc. 753* at 6; *doc. 768* at 5. That same day, Defendants agreed to review the remaining 1,312 documents and produced 861 of them by April 30, 2016. *Doc. 753* at 6; *doc. 768* at 5.

On July 14, 2016, Plaintiff filed a Motion to Compel and for Sanctions, which included the repeated request that the Court appoint a Special Master. *Doc. 445*. On August 11, 2016, the Court denied the Motion to Compel without prejudice and appointed a Special Master to perform an *in camera* review all remaining records withheld or redacted by Defendants and to consider arguments on general and subject matter waiver. *Doc. 470*. The parties provided the Special Master with materials in accordance with the Special Master's briefing schedule. *Doc. 768* at 6. The Special Master issued his Report and Recommendation on February 17, 2017, finding that Defendants should be made to produce an additional 197 documents "not protected by the attorney client privilege or work product doctrine or …. as part of a subject-matter waiver." *Doc. 604* at 30. The Court adopted the Report and ordered Defendants to produce the additional documents. *Doc. 606*.

On May 17, 2017, Plaintiff filed a Motion for Sanctions against Defendants, seeking relief on grounds including Defendants' privilege over-designation. *Doc. 673*. On August 16, 2017, in his Findings and Recommended Disposition, the Court ordered Defendants to pay Plaintiff costs associated with Defendants' "privilege over-designation," including work performed on its Motion to Compel and for Sanctions (*doc. 445*), its briefing before the Special Master (*doc. 604*), and its preparation of objections to Defendants' privilege designations throughout the lawsuit. *Doc. 745* at 32. In response, Plaintiff filed its Fee Affidavit on August 26, 2017, seeking $332,243.17 in costs. *Doc. 753*. Defendants filed their objections to Plaintiff's Fee Affidavit on September 9, 2017, requesting that Plaintiff's fee award be reduced to $69,629.68. *Doc. 768*. The matter of the reasonableness of Plaintiff's Fee Affidavit is now before the Court.

II. LEGAL STANDARD

To determine reasonable attorney fees, the Court "must arrive at a 'lodestar' figure by multiplying the hours plaintiffs' counsel reasonably spent on the litigation by a reasonable hourly rate." *Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995) (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).[1]

---

[1] Although the lodestar framework generally applies in the statutory fee award context, courts have also applied the lodestar calculation to determine whether attorney fees are reasonable in the context of sanctions. *See White v. Gen. Motors Corp.*, 908 F.2d 675, 684-85 (10th Cir. 1990).

It is Plaintiffs' burden "to prove and establish the reasonableness of each dollar, each hour, above zero." *Mares v. Credit Bureau of Raton*, 801 F. 2d 1197, 1210 (10th Cir. 1986). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Exkerhart*, 461 U.S. 424, 434 (1983). The Court should, therefore, exclude hours not "reasonably expended," and although "[t]here is no precise rule or formula for making these determinations[, t]he court necessarily has discretion in making this equitable judgment." *Id.* at 434-437. Notably, "a district court does not abuse its discretion in reducing a plaintiff's fee request when the request is based on time records that are rather sloppy and imprecise." *Robinson v. City of Edmond*, 160 F.3d 1275, 1284-85 (10th Cir. 1998). However, the district court may not merely "eyeball the fee request and cut it down by an arbitrary percentage." *Id.* at 1281 (internal quotations and citations omitted).

### III. ANALYSIS

#### A. **Plaintiff cannot recover fees unassociated with Defendants' privilege over-designation.**

In its Findings, the Court awarded Plaintiff reasonable costs associated with Defendants' privilege over-designation. *Doc. 745.* Plaintiff is not entitled to fees that are not encompassed by this category. However, many of the hours reflected in Plaintiff's Fee Affidavit fall outside the parameters to which the Court limited its award. *Doc. 753-1.*

4

First, Plaintiff seeks $16,425 in fees associated with 86.3 hours of review of what appears to be its own privilege documents, a task unassociated with Defendants' privilege over-designation. *See Doc. 768-1.* For example, Plaintiff seeks to recover fees for 1.5 hours spent on January 5, 2016 devoted to "privilege review." *Doc. 753-2* at 3. Defendants did not serve its privilege logs on Plaintiff until January 22, 2016, so the Court can only conclude that Plaintiff reviewed its own documents during the time in question. Had Defendants properly produced all of their documents, Plaintiff would have nevertheless been required to spend an equal amount of time and effort reviewing and compiling its own privilege and redaction logs; therefore, their award does not include recovery of fees related to such work.

Similarly, following receipt of Defendants' privilege and redaction logs but prior to producing its own logs on Defendants on March 15, 2016, Plaintiff vaguely titled many entries as "privilege review," "review privilege log," or similarly uninformative designations. *See Docs. 753-1, 753-2.* This ambiguity is especially noteworthy, considering that many other entry titles mention Defendants' privilege logs explicitly, such as "[r]eview Presbyterian's redacted documents," and "begin review of Presbyterian's privilege log." *See Doc. 753*-1 at 3-4. This distinction implies that those entries that do not mention Defendants' documents instead refer to work related to Plaintiff's own privilege and redaction logs. Whether this implication is accurate or not, it is the Plaintiff's burden to establish that the referenced billing relates only to the

5

review of Defendants' privilege logs and not its own. During a period where both types of review were being conducted, generic entries regarding privilege review do not meet this burden. *See Mares*, 801 F. 2d at 1210; *see also Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983). On this basis, $16,425 will be deducted from Plaintiff's fee award.

Second, Plaintiff seeks $1,715 for 7.5 hours spent conducting generic conference calls and meetings that Plaintiff does not describe as related to Defendants' privilege over-designation. *See doc. 768-1.* For example, Plaintiff billed on March 7, 2016 for time in which an attorney attended a "conference call with George Sanders and Travis Jackson regarding status of litigation, ongoing projects to be completed, and deadlines." *Doc. 753-1* at 17. It is inappropriate for Plaintiff to recover fees for broad meetings unrelated to the issue of Defendants' privilege over-designation. Thus, the Court will deduct an additional $1,715 from Plaintiff's fee award.

Third, Plaintiff seeks $2,525 for hours spent reviewing materials related to the supplemental Mike West document production. *Doc. 753-1* at 80-81. This work is not related to Defendants' privilege over-designation, because Defendants had failed to originally produce these documents due to clerical error rather than privilege over-designation. Therefore, the Court will reduce Plaintiff's award by an additional $2,525.

Fourth, Plaintiff seeks to recover $21,295 for hours spent briefing the subject matter waiver issue before the Special Master. *See generally 753-1, 753-2.* For example, Plaintiffs attempt to recover for billings such as "[c]ompile documents from Tom Bacon

6

regarding subject matter waiver," and "continue analysis and evaluation of documents involving attorneys for subject matter waiver argument." *Doc. 753-1* at 77. Because these entries fall outside the issue of Defendants' privilege over-designation, the Court hereby reduces Plaintiff's recovery by an additional $21, 295.

Fifth, Plaintiff seeks to recover $35,140 in attorney's fees and costs associated with work performed, after the resolution of all issues before the Special Master in March 2017, to prepare a second sanctions motion. *See Doc. 768-1* at 38-41. All work on this second sanctions motion falls outside the fee category for which Plaintiff may recover, here. As such, the Court deducts in the amount of $35,140 from Plaintiff's award.

Sixth, Plaintiff seeks to recover fees for fourteen hours of travel time from July 24, 2017 through August 2, 2017 for which an attorney billed at his standard $250/hr rate. *Doc. 768-1* at 40-41; *doc. 753-1* at 141, 144. The Tenth Circuit has held that it is proper for travel time to be compensable at 25% of an attorney's hourly rate in consideration of its essentially unproductive nature. *Smith v. Freeman*, 921 F.2d 1120, 1122 (10th Cir. 1990). Therefore, in consideration of this standard, the Court deducts an additional $2,625, 75% of the travel time billed, from Plaintiff's award.

Finally, Plaintiff seeks to recover $12,720 for hours spent reviewing documents produced by Defendants following its re-review. *See generally, docs. 753-1, 753-2, 768-1.* Specifically, from July 27, 2016, through September 6, 2016, a single attorney reviewed documents produced by Defendants that were previously identified as privileged. *Doc.*

7

*768-1* at 19-26. The Court notes that Plaintiff would have had to review these documents, regardless of Defendants' privilege over-designation, and Plaintiff does not demonstrate that such review was performed in order to address its Motion to Compel, brief issues before the Special Master review, or object to Defendants' remaining privilege over-designations. Thus, such work does not fall within the fee category for which Plaintiff may recover. As such, the Court deducts an additional $12,720 from Plaintiff's award.

In consideration of the foregoing, the Court deducts a total of $92,445 from Plaintiff's original request of $332,232, leaving a total of $239,787.

**B. The remaining fees will be reduced to compensate for excessive and imprecise billing.**

"In seeking an award of attorney fees, "[t]he prevailing party must make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Robinson*, 160 F.3d at 1281. The Tenth Circuit has suggested that courts consider the following factors when determining the reasonableness of the hour expended: "(1) whether the tasks being billed would normally be billed to a paying client, (2) the number of hours spent on each task, (3) the complexity of the case, (4) the number of reasonable strategies pursued, (5) the responses necessitated by the maneuvering of the other side, and (6) potential duplication of services by multiple lawyers." *Id.* (citing *Ramos*, 713 F.2d at 554) (internal quotations omitted). Further, "[a]s a part of this reasonableness determination, a district court may discount requested

8

attorney hours if the attorney fails to keep meticulous, contemporaneous time records that reveal all hours for which compensation is requested and how these hours were allotted to specific tasks." *Id.* (quoting *Ramos*, 713 F.2d at 553) (internal quotations omitted); *see also Carter v. Sedgwick Cty., Kan.*, 36 F.3d 952, 956 (10th Cir. 1994).

In making this determination, Court's need not "identify and justify each disallowed hour" or "announce what hours are permitted for each task." *Case v. Unified Sch. Dist. No.233, Johnson Cty, Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998) (quoting *Mares*, 801 F.2d at 1202). Rather, "it is neither practical nor desirable to expect the trial court judge to have reviewed each paper in the massive case file to decide, for example, whether a particular motion could have been done in 9.6 hours instead of 14.3 hours. Instead, a general reduction of hours claimed in order to achieve what the court determines to be a reasonable number is not an erroneous method, so long as there is sufficient reason for its use." *Id.* (quoting *Mares*, 801 F.2d at 1203)(internal citations and quotations omitted).

The Court finds that Plaintiff's Fee Affidavit demonstrates numerous examples of imprecise and excessive billing by Plaintiff's attorneys. *See generally*, *doc. 753-1.* For example, a single attorney spent over twenty hours merely *editing* Plaintiff's 38-page draft motion to compel and for sanctions. *Doc. 753-1 at 49-50.* This attorney's efforts, in conjunction with the editing help of three others attorneys, resulted in approximately 54.7 hours spent merely in the process of *finalizing* to Motion. *Doc. 753-1 at 49-55; doc.*

9

*753* at 6.  This category of time does not include the additional hundreds of hours that Plaintiff's attorneys spent researching and writing the Motion to Compel and for Sanctions, 135.3 hours of which were billed while Defendants conducted a re-review of their own documents, promising to produce to Plaintiff those documents that they agreed were wrongly designated as privileged.  *See generally, doc. 753-1, 753-2; doc 768-1*.  Defendants did produce many of those documents, requiring Plaintiff to "update [its] examples [of documents improperly withheld] for [its]motion to compel[,]" revealing that much of the research that Plaintiff performed during Defendants review was unnecessary.  *Doc. 753-1* at 34.

Despite the fact that Plaintiff spent an enormous amount of hours drafting and completing Plaintiff's Motion to Compel and for Sanctions, Plaintiff's Fee Affidavit indicates that Plaintiff's legal team spent an additional 705 hours "for work done in association with briefing issues resolved by the Special Master's first Report and Recommendations." *Doc. 753* at 7.  Notably, this briefing largely tracks and generally recites the arguments already made by Plaintiff in its Motion to Compel and for Sanctions.  Plaintiff's attempt to bill as much as 705 hours for repetitive work stands as an illustration of the excessive and redundant billing associated with the Plaintiff's Fee Affidavit.  This tendency is exacerbated by the fact that thirteen attorneys spread across two firms worked on this single issue, necessarily leading to duplicative work and frequent redundant teleconferences and emails.

10

In addition to excessiveness, Plaintiff's Fee Affidavit reveals numerous examples of imprecise billing. Attorneys provide ambiguous descriptions of their work, such as "[r]eview documents." *Doc. 753-1* at 59. In addition, they repeatedly engage in block billing, listing several tasks completed during a certain period, but failing to delineate how much time was devoted to each task. *See generally, id.* For the purposes of recovering its fee award, Plaintiff estimated in its Fee Affidavit, sometimes over a year after the hours had been billed, the amount that an attorney had spent on one particular task within the block bill. *Id.* This problematic practice undermines the reliability of the Fee Affidavit. *See Flying J Inc. v. Comdata Network, Inc.*, 322 F. Appx. 610, 617 (10th Cir. 2009) (Block billing is "strong evidence that a claimed amount of fees is excessive."). Related to this block billing concern, Plaintiff also seeks to recover its costs associated with monthly charges for Westlaw research, but does not break down the research performed by topic. *See doc. 753-1* at 42, 82-83, 116, 144-145. This practice leaves the Court unable to determine what charges were associated with the issues relevant to the instant fee award.

Where the Court finds, as here, that a prevailing parties' billing is characterized as excessive and imprecise, it is appropriate to reduce Plaintiff's award. *See Bangerter*, 61 F.3d at 1510 (finding that the District Court's comprehensive 35% reduction of Plaintiffs' recovery where "plaintiffs' time records include unspecified or inadequately specified 'review' time, excessive travel time, unnecessary and duplicative time spent in

11

conference calls, meetings, and hearings" proper.); *Kirsch v. Fleed Street, Ltd.*, 148 F.3d 149 (2nd Cir. 1998) (affirming district court's decision to reduce the number of billable hours by 50% for excessiveness and an additional 20% for vague or inconsistent entries); *Sata GmbH & Co. KG v. Hauber*, No. 17-0294, slip op. (N.D. Okla. Aug. 7, 2017) (reducing hours billed by 70%). Recognizing a number of problematic categories of billing have already been excluded above, the Court finds it appropriate to reduce the remaining fees by 25% due to the excessive and imprecise billing apparent throughout the relevant entries.

In sum, in consideration of the foregoing, the Court awards Plaintiff fees in the amount of **$179,840**.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE