UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

NEW MEXICO ONCOLOGY AND
HEMATOLOGY CONSULTANTS, LTD.,

   Plaintiff,

v.                Civ. No. 12-00526 MV/GBW

PRESBYTERIAN HEALTHCARE SERVICES,
PRESBYTERIAN NETWORK, INC.,
PRESBYTERIAN INSURANCE COMPANY, INC.,
and PRESBYTERIAN HEALTH PLAN, INC.

   Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendants' Amended Motion for Extension of Time to File Notice of Cross-Appeal [Doc. 870]. The Court, having considered the motion, briefs, and relevant law, and being otherwise fully informed, finds that Defendants' Motion is well-taken and will be granted.

## BACKGROUND

On November 14, 2019, the Court entered a Memorandum Opinion and Order granting Defendants' Motion for Summary Judgment, Doc. 624, as follows: (1) dismissing with prejudice Plaintiff's federal and state antitrust claims, set forth in Counts I, III, IV, and VI of the Third Amended Complaint; and (2) dismissing without prejudice Plaintiff's pendent state law claims for tortious interference with contractual relations and unfair competition, set forth in Counts VII, VIII, and X of the Third Amended Complaint. Doc. 848. At the same time, the Court entered a Judgment dismissing this action, reflecting the dismissal with prejudice of the antitrust claims and the dismissal without prejudice of the pendent state law claims. Doc. 849.

On December 12, 2019, Plaintiff filed a Notice of Appeal. Doc. 851. The Notice of Appeal indicates that Plaintiff "appeals to the Tenth Circuit Court of Appeals from the Final Judgment filed November 14, 2019 [Doc. No. 849] and from the Memorandum Opinion and Order filed November 14, 2019 [Doc. No. 848]." *Id.* The following day, on December 13, 2019, Plaintiffs commenced an action in New Mexico state court (the "State Court Action") against two of the Defendants herein, Presbyterian Healthcare Services ("PHS") and Presbyterian Health Plan ("PHP"), setting forth the two causes of action – common law unfair competition and tortious interference with existing and prospective economic advantage – that this Court had dismissed without prejudice. Doc. 862-3.

On December 27, 2019, Plaintiff filed its Docketing Statement with the Tenth Circuit. Doc. 862-2. The Docketing Statement indicates that "Plaintiffs are not appealing from the district court's remand of the remaining state law claims to state court." *Id.* at 7. On January 13, 2020, 18 days after their time for filing a notice of cross-appeal had elapsed, Defendants filed their motion seeking an extension of time to file a notice of "conditional" cross-appeal. Doc. 860. On February 26, 2020, Defendants filed an amended version of their motion. Doc. 870. Specifically, Defendants seek to appeal the Court's dismissal of Plaintiff's state law claims "in the unlikely event that the Court's judgment on the antitrust claims is reversed." Doc. 870 at 3. On January 28, 2020, Defendants filed a motion to dismiss or stay the State Court Action pending resolution of the appeal before the Tenth Circuit in the instant matter. Doc. 866-2.

## DISCUSSION

Because Plaintiff filed its Notice of Appeal on December 12, 2019, Defendants' deadline for filing a notice of cross-appeal was December 26, 2019. Fed. R. App. P. 4(a)(3) (setting 14-day deadline for filing notice of cross-appeal). Defendants did not file their notice by that date, and on the instant motion, ask this Court to exercise its discretion under 28 U.S.C. § 2107(c) and Rule 4(a)(5) of the Federal Rules of Appellate Procedure to grant them an extension of time to file a notice of a "conditional" cross-appeal. As stated above, Defendants seek to appeal the Court's dismissal of Plaintiff's state law claims if and only if the Tenth Circuit reverses this Court's dismissal with prejudice of Plaintiffs' antitrust claims. Defendants note that such an appeal is "conditional in the sense that affirmance of the Court's summary judgment would moot it." Doc. 870 at 4.

Section 2107 provides that "[t]he district court may, upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal, extend the time for appeal upon a showing of excusable neglect or good cause." 28 U.S.C.A. § 2107(c). Similarly, Rule 4(a)(5) provides that "[t]he district court may extend the time to file a notice of appeal if . . . a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and . . . that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(i). In order to determine whether a party has shown "excusable neglect" for its failure to file a notice of appeal within the prescribed time period, the Court applies the analysis set forth in *Pioneer Inv. Servs. Co. v. Brunswich Assocs. Ltd. P'ship*, 507 U.S. 380 (1993). *City of Chanute, Kan. v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046.

In *Pioneer*, the Supreme Court explained that "[a]lthough inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, . . . 'excusable neglect under Rule [4(a)] is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." 507 U.S. at 392. Thus, courts "are permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.* at 388. The determination of "what sorts of neglect will be considered 'excusable,' . . . is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. "The Court specifically pointed to four factors relevant to this calculation: 'the danger of prejudice to [the nonmoving party], the length of delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *City of Chanute*, 31 F.3d at 1046 (quoting *Pioneer*, 507 U.S. at 395). "[F]ault in the delay remains a very important factor – perhaps the most important single factor – in determining whether neglect is excusable." *City of Chanute*, 31 F.3d at 1046. Further, "counsel's misinterpretation of a readily accessible, unambiguous rule cannot be grounds for relief." *United States v. Vogl*, 374 F.3d 976, 981 (10th Cir. 2004) (citation omitted).

Taking into account all the relevant circumstances and, in particular, the *Pioneer* factors, the Court finds that Defendants have made a sufficient showing of excusable neglect for this Court to extend their time to file a notice of cross-appeal. Defendants filed their motion only 18 days after the end of the period prescribed for notice of cross-appeal, which is "a very short time in the context of a protracted litigation battle." *City of Chanute*, 31 F.3d at 1047 (finding district

court acted within its discretion where amended notice of appeal was filed 31 days late). It appears undisputed that this short delay will have, if anything, a de minimis impact on the instant judicial proceedings. Further, Plaintiff has not argued, and the record does not reflect, that Defendants acted in anything but good faith. Thus, factors two and four weigh in favor of finding excusable neglect.

Defendants explain that they did not file their notice of cross-appeal before the December 26, 2019 deadline because it was not until December 27, 2019 that Plaintiff made clear its intention not to appeal this Court's dismissal of its state court claims. Specifically, the Notice of Appeal filed by Plaintiff on December 12, 2019 indicates that Plaintiff "appeals to the Tenth Circuit Court of Appeals from the Final Judgment filed November 14, 2019 [Doc. No. 849] and from the Memorandum Opinion and Order filed November 14, 2019 [Doc. No. 848]." Doc. 851. Under Rule 3(c), a notice of appeal must "designate the judgment, order, *or part thereof* being appealed." Fed. App. P. R. 3(c)(1)(B) (emphasis added). Given this rule, because Plaintiff's Notice did not indicate that Plaintiff was appealing only from that part of the Judgment dismissing Plaintiff's antitrust claims, it was reasonable for Defendants to understand the Notice to reflect Plaintiff's intention to appeal from the entirety of the Judgment, including the dismissal of Plaintiff's state law claims. Plaintiff filed its Docketing Statement on December 27, 2019, one day after Defendant's notice of cross-appeal, if any, was due. And in its Docketing Statement, for the first time in the instant proceedings, Plaintiff made clear that it was "not appealing from the district court's remand of the remaining state law claims to state court." Doc. 862-2.

Plaintiff argues that once it commenced the State Court Action on December 23, 2019, it was not reasonable for Defendants to believe that Plaintiff intended to appeal the dismissal of its state law claims. Doc. 862 at 7. Further, Plaintiff argues that "[a]t any time prior" to the filing of its Docketing Statement, "Defendants could have sought to confirm their assumption that Plaintiff did not intend to pursue its state law claims," and thus the reason for Defendant's delay in filing its notice "was entirely within the control of Defendants to resolve." *Id.* The Court cannot agree.

As Defendants argue, they had no duty to intuit Plaintiff's intentions regarding its appeal in this case based on its commencement of the State Court Action, or to inquire as to those intentions –parties to a lawsuit are neither required nor reasonably expected to ask their adversaries to divulge their litigation strategies. Further, it was reasonable for Defendants to assume that Plaintiff took "a belt-and-suspenders approach [by] filing a state-court action to preserve its rights in the event that its Tenth Circuit appeal failed." Doc. 871 at 5. Indeed, it was not until Plaintiff filed its Docketing Statement that Defendants even had grounds to file a cross-appeal, as before that point, the record in this action reflected that Plaintiffs were appealing from the entirety of "the Final Judgment," not merely from a portion thereof. Thus, the third and "perhaps the most important single factor" – fault in delay – weighs in favor of finding excusable neglect. *City of Chanute*, 31 F.3d at 1046.

With regard to the danger of prejudice to Plaintiff, Plaintiff argues that Defendants will use their cross-appeal "to seek a stay of the state court claims," which will delay "Plaintiff's prosecution of its state law claims," with the possible result of "loss of witness testimony and the inevitable erosion of memory." Doc. 862 at 12. But Defendants are entitled to move for a stay

6

of the State Court action regardless of whether they are granted leave to file a cross-appeal in this action. In fact, Defendants have already done so. Doc. 871-2.

In their motion to dismiss or stay the State Court Action, Defendants argue that "prosecution of identical claims" in both state and federal court "would waste the parties' resources and the Court's," and thus "under the doctrine of priority jurisdiction" the State Court should dismiss or stay the action before it. *Id.* at 1. Defendants base this argument on the proposition that "[r]eversal of the summary judgment awarded to PHS and PHP in the federal lawsuit could result in reinstatement of these same claims on remand." *Id.* This underlying proposition is true regardless of whether Defendants are permitted to file a cross-appeal. Plaintiff has pointed to no authority to suggest that the Tenth Circuit, in the absence of a cross-appeal from Defendants, would refrain from remanding Plaintiff's state law claims in the event it reverses this Court's dismissal of Plaintiff's antitrust claims. Indeed, the Tenth Circuit as a matter of course reinstates pendant state claims when reversing a district court's determination of federal claims on the merits. *See, e.g., Anaya v. Crossroads Managed Care Sys.*, 195 F.3d 584, 590 n.1 (10th Cir. 1999) ("Because we reverse and remand the section 1983 claims, we reinstate those pendant state claims for concurrent resolution by the district court.").

Admittedly, as Defendants acknowledge, "a pending conditional cross-appeal seeking to reinstate [Plaintiff's state law claims] in this Court in the event of a reversal of the Court's award of summary judgment on the antitrust claims would fortify the state-court motion [to stay the State Court Action]." Doc. 871 at 7. To the extent that allowing Defendants to file a late cross-appeal would bolster Defendants' motion to stay the State Court Action, and to the extent that

7

such a stay would result in the danger of prejudice Plaintiff, then the first *Pioneer* factor would weigh against finding excusable neglect.

Prejudice to Plaintiff is merely one factor, however, and as stated above, the determination of what sort of neglect should be considered excusable is an equitable one that takes account of all the relevant circumstances. As detailed above, three of the four *Pioneer* factors, including "the most important single factor" of fault, weigh in favor of finding excusable neglect. Under these circumstances, it would not be equitable for the Court to deny Defendants' request for an extension of time to file a cross-appeal.

## CONCLUSION

The Court finds that Defendants have shown excusable neglect or good cause for their failure to file a notice of cross-appeal before the prescribed deadline. Accordingly, pursuant to 28 U.S.C. § 2107(c) and Rule 4(a) of the Federal Rules of Appellate Procedure, the Court exercises its discretion to extend the time for Defendants to file a notice of cross-appeal.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Extension of Time to File Notice of Cross-Appeal [Doc. 860] is **GRANTED**, as follows: Defendants are permitted to file a notice of cross-appeal no later than five (5) days after entry of this Memorandum Opinion and Order.

DATED this 28th day of February, 2020.

_____
MARTHA VÁZQUEZ
United States District Judge