# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

NEW MEXICO ONCOLOGY &
HEMATOLOGY CONSULTANTS, LTD.,

    Plaintiff,

v.                                                   Civ. No. 12-526 MV/GBW

PRESBYTERIAN HEALTHCARE
SERVICES, *et al.*,

    Defendants.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before me on Defendants' Motion to Tax Costs (*doc. 855*), Defendants' Motion for Review of Clerk's Order Settling Costs (*doc. 869*) and the Court's Order of Reference (*doc. 865*), referring the matter to me for analysis, proposed findings, and recommended disposition. Having reviewed the briefing (*docs. 855, 861, 863*), the Clerk's Order Settling Costs (*doc. 868*), and the applicable law, I recommend that the Court award taxable costs in the amount of $85,188.98.

### I.    Procedural Posture

On November 14, 2019, the Court granted Defendants' Motion for Summary Judgment, dismissing Plaintiff's monopolization claims and declining to exercise supplemental jurisdiction over the remaining state law claims. *Doc. 848*. On December 12, 2019, Plaintiff filed a notice of appeal. *Doc. 851*. On December 16, 2019, Defendants filed a Motion to Tax Costs pursuant to Federal Rule of Civil Procedure 54(d), seeking taxation of expenses necessary to the litigation as the prevailing party. *Doc. 855*. In

accordance with Local Rule 54.1, Defendants attached an itemized cost bill and an affidavit by Defendants' Counsel, Charles K. Purcell, declaring that the itemized costs are correctly stated, allowable by law, and necessary to the litigation. *Docs. 855-1, 855-2*.

Defendants request $145 in service of process fees and $85,690.43 in deposition costs, for a total of $85,835.43 taxable costs. *Doc. 855-2*. On February 18, 2020, the clerk of court reviewed Defendants' itemized costs and entered an order setting the allowed costs at $57,590.87. *Doc. 868*. The clerk determined that Defendants' service of process fees were fully allowable. *Id*. at 2. The clerk also determined that depositions on which the parties relied in briefing the motion for summary judgment were reasonably necessary and thus allowable. *Id*. However, the clerk determined that depositions not cited by either party were not reasonably necessary and disallowed those costs. *Id*.

On February 25, 2020, Defendants filed a Motion for Review of Clerk's Order Settling Costs, relying on their original briefing to supply the reasons for overruling the clerk's order. *Doc. 869*. Plaintiff did not seek review of the clerk's order but asks the Court to review its original briefing in connection with Defendants' Motion. *Doc. 879*.

II. **LEGAL STANDARDS**

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." The clerk of court may tax costs in the first instance. Fed. R. Civ. P. 54(d)(1). On a motion filed within seven days, the court may review the clerk's order. *Id*. Review of the clerk's order is de novo. *Furr v. AT&T Techs.*, 824 F.2d 1537, 1550 n.11 (10th Cir. 1987) (citation omitted).

The decision to award costs rests within the district court's discretion; however, the discretion to deny costs is limited in two respects. *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009). First, Rule 54 creates a presumption in favor of awarding costs. *Cantrell v. Int'l Bhd. of Elec. Workers*, 69 F.3d 456, 458–59 (10th Cir. 1995). Second, a denial is "in the nature of a severe penalty," such that the court must state its reasons. *Debord v. Mercy Health Sys. of Kan., Inc.*, 737 F.3d 642, 659 (10th Cir. 2013) (quoting *Marx v. Gen. Revenue Corp.*, 668 F.3d 1174, 1182 (10th Cir. 2011)). Permissible reasons to deny costs include: (1) the prevailing party is only partially successful, (2) the prevailing party was obstructive or acted in bad faith in the course of litigation, (3) damages are only nominal, (4) the non-prevailing party is indigent, (5) the costs are unreasonably high, or (6) the issues were close and difficult. *Id*. at 659–60.

The prevailing party has the burden of proving that the itemized costs are taxable and that the amounts are reasonable. *In re Williams Sec. Litig.*, 558 F.3d at 1148. When that burden is met, the non-prevailing party has the burden of overcoming the presumption in favor of awarding costs. *Id*.

### III. ANALYSIS

#### A. Defendants' Entitlement to Costs

As Defendants point out, Plaintiff did not seek review of the Clerk's Order Settling Costs, thus Plaintiff has waived its arguments for denying or deferring costs. *Bloomer v. United Parcel Serv., Inc.*, 337 F.3d 1220, 1220–21 (10th Cir. 2003); *Williams v. W.D. Sports N.M., Inc.*, 2005 WL 8163527, at *1 (D.N.M. Aug. 3, 2005). Nonetheless, I

3

will briefly address Plaintiff's original arguments. *See Williams*, 2005 WL 8163527, at *2. I find them without merit and therefore recommend awarding Defendants' costs at this time.

Plaintiff first argues that costs should be denied because Defendants were only partially successful. *Doc. 861* at 2. Plaintiff relies on a case from the District of Kansas in which the court denied costs because it had declined to exercise supplemental jurisdiction over Plaintiff's state law claims and because the federal claims involved close and difficult questions of law. *See Phalp v. City of Overland Park*, 2002 WL 31778781, at *2 (D. Kan. Nov. 21, 2002)). In rebuttal, Defendants point to a case in which this District declined to deny costs on the basis of unaddressed state law claims, finding that the prevailing party was "overwhelmingly successful." *See Billy v. Curry Cty. Bd. of Cty. Comm'rs*, 2015 WL 12990789, at *3 (D.N.M. Sept. 11, 2015). I recommend declining to find that Defendants were only partially successful. As Defendants observe, the antitrust claims dismissed by the Court were the central focus of Plaintiff's complaint. Like the prevailing party in *Billy*, Defendants were overwhelmingly successful.

Plaintiff alternatively argues that costs should be deferred until the state law claims have been resolved by the state court. *Doc. 861* at 3–5 (citing *Seeds v. Lucero*, 2002 WL 35649996 (D.N.M. May 21, 2002) and *N. Am. Ins. Agency, Inc. v. Bates*, 2015 WL 150803 (W.D. Okla. Mar. 31, 2015)). Defendants point out that the Tenth Circuit declined to apply this reasoning in *Allen v. Lang*, 736 F. App'x 934, 945 (10th Cir. 2018) (unpublished). There, the Tenth Circuit found that the defendant was entitled to costs

4

incurred in prevailing on federal claims in federal court, notwithstanding the possibility that the plaintiff would prevail on state claims in state court. *Id*. at 946. The Tenth Circuit noted that if the plaintiff did prevail in state court, he would be able to seek his own costs to the extent permitted by the state court. *Id*. I recommend following the reasoning in *Allen* and finding that Defendants are presently entitled to an award of costs for prevailing on the federal claims in this Court.

### B. Allowable Costs

By statute, a party is entitled to tax, among other things, "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Under District of New Mexico Local Rule 54.2, the prevailing party may tax the cost of a deposition transcript when it is "reasonably necessary to the litigation." D.N.M.LR-Civ. 54.2(b)(1). A deposition is reasonably necessary to the litigation when:

> (A) a substantial portion of the deposition is admitted into evidence or used at trial for impeachment purposes;
> (B) the deposition is used by the Court in ruling on a motion for summary judgment; or
> (C) the Court so determines.

D.N.M.LR-Civ. 54.2(b)(2). When determining whether costs were reasonably necessary to the litigation, the Court must not "employ the benefit of hindsight" but rather consider the "particular facts and circumstances at the time the expense was incurred." *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1340 (10th Cir. 1998). Where a deposition "appeared to be reasonably necessary at the time it was taken," the associated costs should be allowed. *Allison v. Bank One-Denver*, 289 F.3d 1223, 1249

5

(10th Cir. 2002). On the other hand, costs are not recoverable if they "merely added to the convenience of counsel." *In re Williams Sec. Litig.*, 558 F.3d at 1147 (citation and internal quotation marks omitted).

Consistent with 28 U.S.C. § 1920 and Local Rule 54.2, the clerk awarded the costs of service of process fees and depositions that were cited by the parties in briefing the motion for summary judgment. *Doc. 868* at 2. Because these costs are properly awarded by statute and local rule, and because Plaintiff did not seek review of the clerk's order, I recommend awarding these costs in full.

Defendants timely requested review of the clerk's denial of the remaining deposition costs. Based on my own de novo review, I find that several additional depositions were cited by the Court in granting Defendants' summary judgment. These depositions are as follows: Lora Allpass, *see doc. 848* at 26 n.9 (citing Pl.'s Ex. 1-18); Clark Haskins, M.D., *id*. at 27–28 (citing Pl.'s Ex. 1-20); Brian Potts, M.D., *id*. at 59; and Peter Snow, *id*. at 22–23. Pursuant to Local Rule 54.2(b)(2)(B), these costs should be awarded.

As outlined by Defendants, several of the remaining depositions were taken by Plaintiff. In *Callicrate*, the Tenth Circuit affirmed costs for depositions taken by the non-prevailing party, even when they were not used in any dispositive motions. 139 F.3d at 1341. The Tenth Circuit found that it was particularly reasonable for the prevailing party to request copies where the individuals deposed were the party's own employees or representatives. *Id*. Excluding the depositions allowed by the clerk, Defendants identified the following as taken by Plaintiff: Michael Applegate; Dennis Batey, M.D.;

6

Gail Blackwell; Thomas Burke, M.D.; Juan Candelaria; Jennifer Ellis; Mark Epstein, M.D.; Anna Marie Garcia; Donna Garcia; Gregory Hamilton; Jim Hinton; Sara Matlock; Ramona Moseley and Ann Greenberg (combined bill); Jay Olive; Todd Sandman; David Scrase, M.D.; Franklin Stevens; Stacey Tovino, Ph.D.; and Bernadette Wittner. *See doc. 855-2 at 3–11.* Of these depositions, several were of Defendants' current or former employees and officers, including Mr. Batey and Ms. Blackwell, *see doc. 848* at 29; Mr. Hinton, *id*. at 22; and Mr. Scrase, *id*. at 42. *See also doc. 85* at 18–24. Because it would have appeared reasonably necessary to Defendants to review depositions taken by Plaintiff to prepare for litigation, I recommend allowing these costs.

Next, Defendants note that some of the depositions not cited by the parties were identified as Plaintiff's experts, including Bradley Reiff, Ph.D., and Louis Rossiter, Ph.D. Although not cited by the parties in their briefing, depositions of Plaintiff's experts would have appeared reasonably necessary to Defendants in order to prepare for litigation. *See Nieto v. Kapoor*, No. CIV 96-1225 MV/JHG, 2001 U.S. Dist. LEXIS 27600, at *4 (D.N.M. June 12, 2001). Therefore, I recommend allowing these costs.

Defendants also argue that the depositions of Nina Chavez and Stephen Quesada, both employees of Plaintiff, were reasonably necessary at the time. Defendants point out that Nina Chavez was identified by Plaintiff as a potential witness in the parties' Joint Status Report. *See doc. 85* at 10. Because a deposition of one of Plaintiff's own potential witnesses would have appeared reasonably necessary to Defendants at the time, I recommend allowing the cost of Ms. Chavez's deposition. *See*

7

*Nieto*, 2001 U.S. Dist. LEXIS 27600, at *4. However, I recommend declining to award the cost of Mr. Quesada's deposition. Defendants' bare statement that Mr. Quesada was Plaintiff's "former pharmacy manager," *doc. 855* at 5, does little to clarify the purpose for which his deposition was reasonably necessary. Defendants state that Plaintiff's "drug prices and pharmacy practices played . . . a prominent part" in the case, *id.*, but they do not explain what particular information Mr. Quesada was thought to possess on the subject or why none of Plaintiff's other deposed employees could provide the same information. Defendants have failed to meet their burden of justifying the cost of obtaining a transcript of Mr. Quesada's deposition. I therefore recommend disallowing this cost ($646.45).

The total deposition costs excluding Mr. Quesada's deposition are $85,043.98. With the costs of executing service of process, the total costs are $85,188.98. Although the total costs are quite high, they are not unreasonable considering the complexity of the issues involved and the protracted length of the litigation. Therefore, I recommend awarding costs in the amount of $85,188.98.

### C. Plaintiff's Entitlement to a Stay of Enforcement

Plaintiff asks this Court to stay enforcement of the award of costs during the pendency of the appeal and either permit Plaintiff to purchase a bond in lieu of payment or waive the requirement of a bond. *Doc. 861* at 9–11. Defendants do not oppose a stay of execution or a waiver of the bond requirement, asserting that they are

"satisfied that [Plaintiff] is good for the full amount of the costs . . . whether now or with interest at the end of the appellate road." *Doc. 863* at 9.

Federal Rule of Civil Procedure 62(b) allows a party to obtain a stay on enforcement of a judgment by providing a supersedeas bond. *Vreeland v. Schwartz*, 2019 WL 5623307, at *1 (D. Colo. Oct. 30, 2019). The Court may waive the bond requirement if it finds that the judgment creditor's interest would not be harmed. *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873–74 (10th Cir. 1986); *Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir. 1988). The Court looks to several factors, including

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*United States v. Melot*, 2012 WL 2914224, at *2 (D.N.M. May 23, 2012) (quoting *Dillon*, 866 F.2d at 904–05); *see also Dutton v. Johnson Cty. Bd. of Cty. Comm'rs*, 884 F. Supp. 431, 435 (D. Kan. 1995).

The parties are in full agreement that Plaintiff has the funds to pay the costs. *Doc. 861* at 10; *doc. 863* at 9. In the event the Court's judgment is affirmed on appeal, Defendants are unlikely to face a complex or time-consuming collection process. Plaintiff has provided an affidavit of its Chief Financial Officer attesting to Plaintiff's financial ability to pay costs up to Defendant's full requested amount. *Doc. 861-1*.

9

Because it does not appear that a stay would harm Defendants' interest, I recommend granting a stay of execution of the award of costs pursuant to Rule 62(b) and waiving the requirement to post a supersedeas bond.

## IV. CONCLUSION

For the foregoing reasons, I recommend awarding Defendants costs in the amount of $85,188.98. Further, I recommend staying execution of the award until resolution of the appeal in the Tenth Circuit and waiving the requirement to post a supersedeas bond.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**